JOHN P. UNGER ET AL. *v.* FRANK M. ABBOTT.

[46 South., 68.]

SALES. *Caveat emptor. Unfaithful servant. Bona fide purchaser.*

A servant, sent with bales of cotton to a compress company, instructed to have the same weighed and to bring the compress receipts and samples of the cotton to his master, cannot divest the master of title by delivering the cotton as his own, taking the receipts in his own name, selling the same to an innocent party and converting the proceeds to his own use; the rule *caveat emptor* being applicable.

FROM the circuit court of Clay county.

HON. J. T. DUNN, Judge.

Abbott, appellee, was plaintiff in the court below; Unger and another, appellants, partners doing business under the name Unger & Company, were defendants there. The action was replevin for two bales of cotton. From a judgment in plaintiff's favor the defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*F. G. Barry,* for appellants.

The rapidly expanding and multiplying conditions and necessities of modern commerce make the contention of appellants and all such purchasers in considerable cotton marts a virtual necessity. The trite saying that "Necessity knows no law" is fallacious and false. On the contrary, it makes or creates law where there was none before, or effaces that which was ex-

istent, and the public, the courts, juries, and law makers, finally find a way out of all embarrassments besetting any new risen condition or any proposition, when a supreme court voices the dictates of reason as well as the sentiment of justice.

Where one of two innocent persons must suffer from the wrong of a third party, the burden should be borne by him who placed it in the power of the wrong doer to perpetuate the fraud or wrong. This is hornbook law, but I shall cite a few authorities on it. *Sinclair* v. *Kirby*, 80 Am. Dec., 589; *Bank* v. *Armsby*, 65 L. R. A., 444; 24 Am. & Eng. Ency. of Law (2d ed.) 1165, text "l"; Id., p. 1167; *Faucett* v. *Osburn*, 83 Am. Dec., 280, 281.

Where the owner has given another, or directed or authorized, him to procure external indicia of the right of disposing of property according to the trade, custom, or usage, in the sale of such property by such person to an insolvent purchaser, buying in good faith in the usual way, such purchaser will be protected against any claims of the owner. *Bank* v. *Armsby*, 65 L. R. A., 443.

Bills of lading, warehouse receipts and the like, in daily commercial use, are all assimulated, treated as the very same by the recent decisions generally as evidence of ownership in the holder, and their endorsement, transfer or assignment, transfers the general property of the goods or chattels named in them as would a bill of sale.

This is the outgrowth of the multiplying and exigent demands and necessities of our modern civilization, unknown in ancient days.

*Ivy & Millsaps*, for appellee.

The doctrine of *caveat emptor* applies in this case. A buyer must beware of purchasing from one who has not title. Possession is not title. It is *prima facie* evidence of title but nothing more. A buyer should not content himself with *prima facie* title. It cannot avail as against title. It will, until the

presumption arising from possession is removed, but the *prima
facie* title is destroyed by proof that while title seemed to be in
the possessor it was in truth in another. *Ketchum* v. *Cummings,* 53 Miss., 596.

CALHOON, J., delivered the opinion of the court.

Appellee sent his cotton to town by a negro laborer, with in-
structions to haul it to the compress, have it weighed, and bring
the slips (receipts) and samples home. The negro did carry it
to the compress, but put it there as his own, got the slips and
samples, and the warehouse receipt, and took it to appellants,
Unger & Co., to whom he sold it, and then immediately left for
parts unknown. Abbott brought replevin for the cotton and re-
covered, and Unger & Co. appeal.

It was Abbott's cotton, and, we think, necessarily remained
his until he or some authorized agent disposed of it. This, we
think, always was the law in the state of Mississippi, and is
still so. Messrs. Unger & Co. are to be condoled with for their
loss by this swindle; but their misfortune cannot affect the right
of Abbott to have his cotton. In our view, counsel for appel-
lant was right in his first impression of the law, which he so
frankly states in his written argument. *"Caveat emptor"* ap-
plies.